CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
for Harrisonburg
FEB 0 1 2007
JOHN F. CORCORAN, CLERK
BY: J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5:06CR00008 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| EUGENE ROSS COUSINS, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

This case is before the court on the defendant's motion to suppress evidence and motion to sever. The defendant contends that his stop and subsequent search on November 19, 2004 violated his rights under the Fourth Amendment. In his motion to sever, the defendant contends that the counts of the indictment were improperly joined, or, in the alternative, must be severed for trial. For the reasons stated below, the court will deny the defendant's motion to suppress and motion to sever.

## FACTUAL BACKGROUND

The defendant was charged in a nine count indictment with knowingly and intentionally distributing a mixture or substance containing a detectable amount of methamphetamine on November 19, 2004 (Count One); possessing firearms in furtherance of a drug trafficking offense (Count Two); possessing firearms as an unlawful user of a controlled substance (Count Three); knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of methamphetamine on June 14, 2005 (Count Four); possessing a firearm in furtherance of a drug trafficking offense (Count Five); possessing a firearm as an unlawful user of a controlled substance (Count Six); knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of methamphetamine

on November 19, 2005 (Count Seven); possessing a firearm in furtherance of a drug trafficking offense (Count Eight); and possessing a firearm as an unlawful user of a controlled substance (Count Nine).

The defendant's charges arise from three incidents occurring on separate dates: November 19, 2004; June 14, 2005; and November 19, 2005. The first incident arose out of a traffic stop by Waynesboro Police Officer Kevin Miller. Miller stopped a black BMW because he thought that its exhaust system was too loud; according to Miller, he suspected that the car was in violation of Virginia Code § 46.2-1049, which requires vehicle exhaust systems to be maintained in good working order. Miller also thought the vehicle was in violation of the city's noise ordinance. Miller approached the vehicle, and noticed a partially concealed handgun between the console and the front passenger seat. Miller then drew his weapon, ordered the occupants of the car to keep their hands in view, and called for back-up. After the back-up arrived, Miller "frisked" the passenger compartment of the vehicle, and recovered two loaded Beretta 9 mm handguns. A trained narcotics dog alerted on the car, and a search of the trunk revealed a set of digital scales with white residue. Cousins was given his Miranda warnings, and said he was willing to speak to the police officer. Cousins admitted that he owned the scales and said the scales would test positive for methamphetamine, and possibly for cocaine. Cash, a police scanner, and several note pads with "owe sheets" were also found during the search. The defendant was placed under arrest. Afterwards, Cousins stated that he had given methamphetamine to the passenger, Jose Alvarez. Alvarez confirmed that he had received methamphetamine from Cousins.

2

The second incident occurred on June 14, 2005, and was the result of an attempted controlled purchase from Cousins. Cousins was approached by officers and was told he was being detained for questioning. The officers found over $800 in a pat-down search, and observed a black leather "Harley Davidson" bag in the front passenger seat of the van. The officers searched the van, found a firearm in the bag, and found methamphetamine underneath a "red shop rag" in a Wendy's bag. The officers also found ammunition between the front seats of the van, and marijuana in the front area of the van.

The third incident occurred on November 19, 2005. After performing a traffic stop of a vehicle and speaking to the defendant, the officer received a message that Cousins had an outstanding capias and was known to carry a gun. The officer saw a handgun lying on the front passenger seat of the vehicle. Cousins was arrested, and the officer discovered a ball of tape sitting on the passenger seat. The officer cut open the ball and discovered bags of a white substance. The substance was methamphetamine. Officers also found money and ammunition. As a result of the search, officers obtained consent from the defendant to search a hotel room, where a substance believed to be methamphetamine, a digital scale, and a substance suspected to be marijuana were found. Cousins also told the police that he possessed and sold methamphetamine.

In a later statement, Cousins told officers he was out distributing methamphetamine on the dates charged. He also stated he had the guns to protect his drugs and money.

## DISCUSSION

### I. Motion to Suppress

The defendant has filed a motion to suppress evidence obtained during the November 19, 2004 stop of the defendant's vehicle. According to the defendant, the officer who stopped the vehicle did not possess reasonable articulable suspicion of a traffic infraction. The government has claimed that Miller had reasonable articulable suspicion to stop the defendant, based upon a belief that the defendant was violating Virginia Code Section 46.2-1049 and a city noise ordinance.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. A warrantless search and seizure is presumptively unlawful; the government bears the burden to prove that the search and seizure falls under an established exception. See United States v. Smith, 396 F.3d 579, 585 (4th Cir. 2005).

An automobile stop "must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." United States v. Wilson, 205 F.3d 720, 722-23 (4th Cir. 2000). As the United States Court of Appeals for the Fourth Circuit has held, an officer can stop a vehicle after observing a traffic infraction. United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993).

In order for the stop of Cousins' vehicle to be lawful, Miller must have possessed "some minimal level of objective justification," United States v. Sokolow, 490 U.S. 1, 7 (1989), that Cousins possessed an exhaust system that was not in "good working order and in constant operation to prevent excessive or unusual noise." Va. Code Ann. § 46.2-1049 (2006). Miller's

4

report described that "[t]he noise could be heard from well over fifty feet and sounded as if it was an exhaust leak," to support his suspicion that Cousins' exhaust system was in violation of the Code and the city noise ordinance that prohibited noises that could be heard from over fifty feet away. Even if Miller was mistaken about the exhaust system, any mistake of fact was objectively reasonable, and the stop was valid. See United States v. Arias, 2007 WL 86815 (4th Cir. 2007) (stating that if an officer makes a traffic stop based on a mistake of fact, the stop is valid if the mistake of fact was objectively reasonable).

For the foregoing reasons, and the reasons stated by the court at the hearing held on January 16, 2007, the court concludes that Miller had reasonable articulable suspicion to stop the defendant's vehicle. Therefore, the defendant's motion to suppress will be denied.

## II.     Motion to Sever

The defendant has also filed a motion to sever, claiming that each of the three separate incidents from which his charges arise should be tried separately, as the counts are not sufficiently related and joinder would prejudice the jury. The government responds that the charges should be joined because the charged offenses are of a same or similar character, and part of a common scheme or plan.

The parties agree that the charges arise from three separate incidents. As described above, the first incident (Counts One through Three) occurred on November 19, 2004, and involved a traffic stop of the defendant for a suspected violation of a Virginia Code provision concerning mufflers and a local noise ordinance. As a result, firearms and a set of scales with drug residue were seized. The second incident (Counts Four through Six) occurred on June 14, 2005, and resulted from an attempted controlled purchase of drugs. Officers found a pistol and

5

Case 5:06-cr-00008-GEC-RSB   Document 78   Filed 02/01/07   Page 5 of 9   Pageid#: 381

methamphetamine after a search of the defendant's car. The third incident (Counts Seven through Nine) resulted from a traffic stop on November 19, 2005. As a result of the traffic stop, officers seized a pistol and a total of approximately one ounce of methamphetamine. In addition, they obtained a search warrant for a motel room as a result of the search, where they found additional drugs and a set of scales.

According to the defendant, joinder of the charges arising from the three separate incidents was improper. Federal Rule of Criminal Procedure 8 provides that offenses can be joined in three situations: (1) if the offenses "are of the same or similar character;" (2) if they are based on the "same act or transaction;" or (3) if they are based on "two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8. The defendant argues that the incidents were separate and distinct, and took place at six-month intervals. In addition, the defendant points out that there is no commonality of witnesses or overlap of evidence.

The requirements for joining offenses are not "onerous." United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003). In part, this permissiveness is attributed to the efficiency of trying a defendant on related counts at one trial. United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). However, joinder cannot include offenses which are totally separate, dissimilar, or do not make up part of a common scheme or plan. Id.

The court concludes that the offenses in this case were properly joined because they were of the same or similar character.[1] The offenses charged in the indictment were of a similar

---

[1] The government primarily bases its argument in support of joinder on the assertion that the defendant's offenses were part of a "common scheme or plan." However, the court finds the argument that the offenses were of a similar nature to be more appropriate as a basis for joinder.

6

character because all three incidents involved the distribution of a controlled substance, methamphetamine. Although the charges were not identical, as Count One charges distribution and Counts Four and Seven charge possession with intent to distribute, the violations and legal issues are substantially the same, and joinder was therefore proper. See, e.g., United States v. Melendez, 301 F.3d 27, 36 (1st Cir. 2002) (holding that charges for possession with intent to distribute cocaine base from July of 1997 and April of 1999 were properly joined); United States v. Lewis, 626 F.2d 940, 944-45 (D.C. Cir. 1980) (holding that counts of possession, possession with intent to distribute, and distribution of the same drug "contain a sufficient number of the same basic elements so that it may be concluded that they 'are of the same or similar character'").

Counts which have been properly joined can still be severed for trial. Federal Rule of Criminal Procedure 14 provides that, "[i]f joinder of offenses or defendants in an indictment ... appears to prejudice a defendant ... the court may order separate trials or counts." Fed. R. Crim. P. 14(a). In deciding whether the counts should be severed, the court must weight the prejudice to the accused against the interests of the judicial process. United States v. Jamar, 561 F.2d 1103, 1106 (4th Cir. 1977). A defendant making a motion for severance pursuant to Rule 14 has the burden of demonstrating a "strong showing of prejudice." United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984) (internal citations omitted). It is not sufficient for the defendant to merely show that joinder would make his defense more difficult or severance might offer a better chance of acquittal. Id.

The defendant contends that he would be prejudiced by joinder of the offenses, and specifically notes that the evidence as to the November 19, 2004 incident is extremely weak.

7

According to the defendant, joinder of these counts with those arising from the later two incidents, in which larger quantities of drugs were found, would prejudice the jury.

The court concludes that the defendant has not met his burden of showing prejudice on this issue, however, and concludes that the charges should not be severed for trial. Although the quantity of drugs found on November 19, 2004 was significantly less than the quantities found on the two later occasions, the court notes that the defendant is charged with a different offense in Count One than in Counts Four and Seven. The defendant was charged with the actual distribution of methamphetamine in Count One, and the government has statements of both the defendant and the car's passenger, Alvarez, to support this charge.[2]

One potential source of prejudice when charges are joined because they are of the same or similar character is that "the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition." See United States v. Foutz, 540 F.2d 733, 736 (4th Cir. 1976). However, if evidence of all the offenses would be admissible in separate trials for legitimate purposes, under Federal Rule of Evidence 404(b),[3] the defendant would not be prejudiced by trying the offenses together. United States v. Hines, 39 F.3d 74, 79 (4th Cir. 1994). The court concludes this would not be a problem in the instant case, as the

---

[2] Therefore, the defendant's reliance on United States v. Jones, 945 F.2d 747, 749 (4th Cir. 1991), is misplaced in this situation. That case held that a defendant could not be convicted under 21 U.S.C. § 841(a)(1), for possession with intent to distribute cocaine, when the defendant possessed drug paraphernalia with cocaine residue. Id. Count One in this case, however, charges the defendant with actual distribution.

[3] Federal Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ...."

8

defendant's distribution and statements relating to the first incident would be admissible for the purposes approved in Rule 404(b) at trials of the later incidents. Therefore, the motion to sever must be denied.

## CONCLUSION

Because there was reasonable articulable suspicion to stop the defendant on November 19, 2004, the defendant's motion to suppress will be denied. The defendant's motion to sever will also be denied, as the court concludes that the defendant has not shown that it would be unfairly prejudicial to require the defendant to stand trial on charges arising from the three separate incidents.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 1st day of ~~January~~ February, 2007.

*[signature]*

United States District Judge