CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 14 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:06CR00008 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| EUGENE ROSS COUSINS, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

This case is before the court on the defendant's motion to dismiss counsel, motion to rescind plea agreement, and motion to dismiss for lack of jurisdiction. All of the defendant's motions appear to be based upon the defendant's assertions that the court has no jurisdiction over his case based upon certain filings he has purportedly made under the Uniform Commercial Code. Prior to sentencing the defendant on August 8, 2007, the court heard argument from the defendant. The court denied all three of the defendant's motions in open court and, pursuant to a request from the defendant, agreed to set forth the reasons for such denial in writing. The court then proceeded to sentence the defendant to a period of incarceration of 406 months on Counts One through Six of the indictment.

## BACKGROUND

The defendant, Eugene Ross Cousins ("defendant" or "Cousins"), was charged in a nine count indictment with knowingly and intentionally distributing a mixture or substance containing a detectable amount of methamphetamine on November 19, 2004 (Count One); possessing firearms in furtherance of a drug trafficking offense (Count Two); possessing firearms as an unlawful user of a controlled substance (Count Three); knowingly and intentionally possessing with intent to

distribute a mixture or substance containing a detectable amount of methamphetamine on June 14, 2005 (Count Four); possessing a firearm in furtherance of a drug trafficking offense (Count Five); possessing a firearm as an unlawful user of a controlled substance (Count Six); knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of methamphetamine on November 19, 2005 (Count Seven); possessing a firearm in furtherance of a drug trafficking offense (Count Eight); and possessing a firearm as an unlawful user of a controlled substance (Count Nine). On February 20, 2007, Cousins, represented by counsel, entered into a plea agreement with the government wherein he agreed to plead guilty to Counts One through Six, reserving his right to appeal this court's prior decision denying his motion to suppress and motion to sever. The government agreed to request the court to dismiss Counts Seven, Eight, and Nine.

On June 4, 2007, the defendant filed an "Information Request" with the court in which he indicated he intended to verify his standing as a secured party of certain items described in a UCC-1 Financing Statement including his birth certificate and driver's license as well as "DNA, Retna [sic] Scans and All Debentures, Indentures, Accounts, and all the Pledges represented by same included but not limited to the pignus, hypotheca, hereditments, res, the energy, and all products derived there-from, nunc pro tunc, but not limited to all capitalized names: EUGENE ROSS COUSINS, EUGENE R COUSINS, E.R. COUSINS, EUGENE COUSINS, or any derivatives thereof . . . ." Essentially, although the "Information Request" is not entirely clear in parts, the defendant appears to assert that he stands in the capacity of a secured party with respect to his own person.

Also on June 24, 2007, Cousins filed the self-styled "Affidavit of Truth" in which he claimed that the Uniform Commercial Code is "supreme in the world," thus relegating all other bodies of

law, including the federal criminal laws, to a subordinate position. The defendant also stated in his "Affidavit of Truth" that he owns his "straw man," apparently his own person, by virtue of having filed a UCC-1 Financing Statement which asserted a secured claim against that "straw man." The defendant then filed the instant motions.

## DISCUSSION

In his motion to dismiss for lack of jurisdiction, the defendant claims that he has a perfected security interest in himself as described above, thus preventing the government or the court, pursuant to certain provisions of the Uniform Commercial Code, from obtaining jurisdiction over him for the purpose of sentencing or for any other purpose. The Uniform Commercial Code, however, simply has no bearing upon this court's jurisdiction with regard to these criminal proceedings. See United States v. Mitchell, 405 F. Supp. 2d 602, 604 (D. Md. 2005) ("the U.C.C. has no bearing on criminal subject matter jurisdiction"); United States v. Woodruff, 2007 WL 2123735, *1 (N.D. Cal. 2007 ) ("The Uniform Commercial Code [] pertains to commercial transactions governed by state law and has no bearing on defendant's federal court sentence for a criminal act."); Van Hazel v. Luoma, 2005 WL 2837356, *2 (E.D. Mich. 2005) (noting that a defendant cannot "divest the State of Michigan of jurisdiction to prosecute him of a criminal offense simply by declaring a security interest in himself pursuant to the Uniform Commercial Code or having another person do so"); United States v. Humphrey, 287 F.3d 422, 435 (6th Cir. 2002) (holding that the Uniform Commercial Code has no application to a criminal case), overruled on other grounds by United States v. Leachman, 309 F.3d 377 (6th Cir. 2002); United States v. Holloway, 11 Fed. App. 398, 400 (6th Cir. 2001) (same).

3

On its face, the Uniform Commercial Code, as it relates to secured transactions, applies only to: (1) transactions that create a security interest in personal property or fixtures by contract; (2) agricultural liens; (3) sales of accounts, chattel paper, payment intangibles, or promissory notes; (4) consignments; and (5) certain other defined categories of security interests which do not apply in the present case. Va. Code Ann. § 8.9A-109(a). Even if it were somehow relevant to a criminal prosecution, the defendant's attempt to obtain a secured interest in his own person simply fails to fall into any of the categories covered by the Uniform Commercial Code.

Furthermore, this court has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. All of the offenses with which the defendant was charged in the indictment are such offenses against the federal criminal laws relating to controlled substances. The court has proper jurisdiction over the defendant in this case, and the defendant's arguments to the contrary are without merit. Therefore, the court will deny the defendant's motion to dismiss for lack of jurisdiction.

The defendant's motion to dismiss counsel appears to stem from the same argument under the Uniform Commercial Code as described above in that the defendant claims that his attorney, Frederick T. Heblich, Jr., failed to disclose the existence of said argument and failed to respond properly to the defendant's letter requesting information regarding the same. As the court expressed during the hearing on this matter, the court again states that it believes that Mr. Heblich has ably represented the defendant during the course of these proceedings and that he has neglected no duty to the defendant in failing to pursue the defendant's meritless arguments under the Uniform Commercial Code. Furthermore, when directly asked whether he wanted the court to relieve Mr.

4

Heblich, the defendant responded in the negative. Therefore, defendant's Motion to Dismiss Counsel will be denied.

Finally, in the defendant's motion to rescind plea agreement, he states that his plea agreement was induced by, among other things, partial advice, deception, fraud, and a lack of disclosure. Again, it appears that the defendant's concerns stem from his claim that counsel failed to make a proper investigation into his claims under the Uniform Commercial Code as a possible defense to the criminal charges against him. As the court has previously stated, the defendant's arguments under the Uniform Commercial Code are without merit. Therefore, the court finds that the defendant's attorney's failure to pursue those arguments does not constitute a fair and just reason to support defendant's request to withdraw from his plea agreement. See Fed. R. Crim. P. 11(d)(2)(B); United States v. Standiford, 148 F/3d 864 (7th Cir. 1998 (finding that the requirements of former Rule 32(e), Rule 11(d)(2)(B)'s predecessor, apply to a motion to withdraw from the plea agreement). Cf. United States v. Lopez, 385 F.3d 245 (2nd Cir. 2004) (holding that Rule 11 does not specifically apply, but that courts should nevertheless apply the Rule's "fair and just reason" standard for withdrawing a guilty plea to a motion to withdraw from a plea agreement). Therefore, as stated at the hearing on this matter, the defendant's Motion to Rescind Plea Agreement will be denied.

## CONCLUSION

For the reasons set forth above, and as stated at the sentencing hearing, the court continues to believe that the defendant's motion to dismiss counsel, motion to rescind plea agreement, and motion to dismiss for lack of jurisdiction are without merit and were properly denied at the sentencing hearing.

5

The Clerk is directed to send certified copies of this Opinion to defendant and all counsel of record.

ENTER:    This 14th day of August, 2007.

_____
United States District Judge