CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 02 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:06CR00008 |
| | (Case No. 5:09CV80169) |
| v. | |
| | **MEMORANDUM OPINION** |
| EUGENE ROSS COUSINS, | By: Glen E. Conrad |
| | United States District Judge |
| Defendant. | |

This closed case is before the court upon motions for reconsideration, filed by the defendant, Eugene Ross Cousins. Upon review of his pleadings and the record, the court concludes that the arguments in his motions are without merit.

Cousins filed this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, claiming that counsel provided ineffective assistance regarding the motion to suppress and arguing that but for counsel's omissions, Cousins would not have pleaded guilty pursuant to the plea agreement. The government filed a motion to dismiss, supported by an affidavit by trial counsel, and Cousins was notified of his opportunity to respond. By memorandum opinion and order entered December 7, 2009, the court granted the motion to dismiss upon finding that Cousins' plea agreement included a valid waiver of his right to bring this action. The court specifically found, from the record of Cousins' statements during the plea colloquy, that he understood the nature of his conditional guilty plea and that, except for reserving his right to pursue a direct appeal of the court's pretrial ruling on the motion to suppress evidence seized during a November 19, 2004 traffic stop, he entered a voluntary waiver of his right to appeal any other issues concerning the conviction or sentence.

After entry of the judgment, Cousins filed a motion to reconsider and a motion to amend or supplement (Dkt. Nos. 162 & 163), seeking to obtain a copy of the plea hearing transcript and appointment of counsel and arguing that the court erred in finding his § 2255 claims to be waived, pursuant to his plea agreement. The court directed the clerk to provide Cousins with a copy of the transcript and granted him an opportunity to supplement his motions for reconsideration with details from the transcript. He has now done so (Dkt. No. 165). The court construes Cousins' post-judgment pleadings as raising the following arguments for relief from judgment: (1) Cousins did not understand that the waiver of appeal rights in his plea agreement waived appeal of all constitutional arguments except those addressed in the court's February 1, 2007 ruling on the motion to suppress; (2) during the plea colloquy, the court did not ask whether Cousins understood that he was waiving his right to raise other constitutional arguments, besides those addressed in the court's opinion on the motion to suppress; (3) because Cousins did not understand at the time of the plea hearing that the plea agreement included a waiver of his right to bring other Fourth Amendment challenges, his guilty plea was unintelligent and invalid; (4) because Cousins did not discover until direct appeal that counsel had been ineffective in failing to preserve his right to appeal other Fourth Amendment challenges, Cousins' plea agreement waiver of § 2255 rights was unintelligent and invalid; (5) because counsel admitted in his affidavit that he did not raise potentially meritorious arguments in the motion to suppress, the court should consider Cousins' plea agreement waivers to be invalid; (6) the prosecutor altered the terms of the plea agreement by not reading it word for word when summarizing its terms during the plea colloquy before the magistrate judge; (7) the written terms of the plea agreement are the best evidence of the content of his waiver; and (8) a claim that counsel provided

ineffective assistance during negotiation of a plea agreement cannot be barred by a provision included in that agreement, waiving the defendant's § 2255 rights.

Because Cousins signed and dated his initial motion for reconsideration on December 16, 2009, within twenty-eight days from entry of the judgment, the court will consider his motions as arising under Fed. R. Civ. P. 59(e), seeking to alter or amend the judgment. The United States Court of Appeals for the Fourth Circuit recognizes three grounds which may warrant amending an earlier judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (citations omitted). Thus, the rule permits a district court to correct its own errors, so as to spare the parties and the appellate courts the burden of unnecessary appellate proceedings. Id. (internal quotations omitted). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (quoting 11 Wright et. al., Federal Practice and Procedure, § 2810.1 at 124 (2d ed. 1995).

The court does not find any ground presented in Cousins' post-judgment submissions on which the judgment must be altered or amended in any way. He presents no new evidence or intervening change in controlling law. He also fails to point to any clear error of law. The record does not reflect that anyone altered the plea agreement. On the contrary, as described in detail in the court's memorandum opinion entered December 7, 2009, the record clearly indicates that Cousins stated in open court his understanding of the plea agreement and its terms, including his conditional guilty plea, his reservation of the right to appeal only the court's ruling on the motion to suppress, and his waiver of all other rights to appeal and to collaterally attack the judgment.

He gained great benefit from the plea agreement. He was aware before entering the plea agreement that other constitutional challenges could have been argued, but were not. Nevertheless, he accepted the plea agreement, including its waiver of his right to bring this action. The court finds no extraordinary circumstance undermining the reliability of his in-court statements that his guilty plea and his waiver are knowing, voluntary, and, therefore, valid. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Therefore, the court will deny the motions for reconsideration. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and to counsel of record for the government.

ENTER: This 2ᵈ day of March, 2010.

/s/ Glen Conrad
United States District Judge