CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 29 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:06CR00008 |
| | ) (Case No. 5:09CV80169) |
| v. | ) |
| | ) |
| | ) **MEMORANDUM OPINION** |
| EUGENE ROSS COUSINS, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |
| | ) |

This closed case is before the court on Defendant Eugene Ross Cousins' second motion for reconsideration (Dkt. No. 179) of the court's memorandum opinion and order, entered December 7, 2009, denying relief in Cousins' motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Specifically, the court held that Cousins had entered a valid plea agreement waiver of his right to bring any of the claims in his § 2255 motion. See United States v. Morgan, 284 Fed. App'x 79, 87 (4th Cir. 2008) (applying United States v. Lemaster, 403 F.3d 216, 220 (4th Cir.2005) to uphold plea agreement waiver of § 2255 rights and affirming district court's dismissal of claim that counsel failed to inform the defendant accurately about the consequences of his guilty plea as "inconsistent with statements he made under oath"). Cousins also moves for reconsideration of the court's opinion and order denying his first motion for reconsideration. Cousins' current motion must be denied.

Cousins relies on Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) authorizes the court to relieve the litigant from final judgment under certain, rare circumstances, such as mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; a void judgment; a judgment already

satisfied, released, discharged, or vacated; or "any other reason justifying relief from the operation of the judgment." Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue, however. "Where the motion is nothing more than a request that the district court change its mind, ... it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982).

Cousins argues that the court erred in failing to consider on the merits his claim that counsel provided ineffective assistance regarding the plea agreement by which Cousins waived his right to collaterally attack any aspect of the judgment. Essentially, Cousins is asking the court to change its mind about a legal issue already decided: whether the § 2255 waiver was valid and precluded consideration of his ineffective assistance claims. Revisiting decided legal issues is not proper grounds for relief under Rule 60(b). Therefore, Cousins' motion must be denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the defendant and to counsel of record for the government.

ENTER: This 28th day of March, 2011.

_____
Chief United States District Judge