CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 25 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:06CR00008 |
| | ) | (CASE NO. 5:09CV80169) |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| | ) | |
| EUGENE ROSS COUSINS, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

In this closed case, Eugene Ross Cousins, a federal inmate proceeding pro se, submits his third motion seeking reconsideration under Federal Rule of Civil Procedure 60(b) of this court's judgment entered December 7, 2009, denying Cousins' motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, and the March 2, 2010, opinion and order denying his first motion for reconsideration. Cousins also moves to withdraw his guilty plea.[1] Upon consideration of Cousins' current submissions of well over 100 pages and the underlying record of the criminal and post-conviction proceedings, the court denies Cousins' motions for reconsideration and motion to withdraw his guilty plea; construes and dismisses these motions as a successive § 2255 motion;[2] and denies his pending requests for counsel and a hearing as moot.

## Background

Cousins' conviction has been upheld through multiple layers of review. Cousins pleaded guilty, pursuant to a written plea agreement, and was convicted of drug and firearm offenses on February 27, 2007. Under the provisions of the plea agreement, Cousins waived his right to

---

[1] Cousins also requests an evidentiary hearing, expansion of the record, and appointment of counsel.

[2] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

appeal the judgment or the sentence and his right to bring a § 2255 motion, but reserved the right to appeal the court's rulings on his pretrial motions to suppress certain evidence as illegally seized. The court found Cousins' plea to be knowing and voluntary and accepted it. The court sentenced Cousins on August 8, 2007, to a total term of 406 months imprisonment. On appeal, the United States Court of Appeals for the Fourth Circuit upheld the denial of the suppression motion and dismissed Cousins' other suppression claims as waived by his plea agreement. United States v. Cousins, Case No. 5:06CR00008, 2007 WL 419556 (W.D. Va. 2007), affirmed, 291 Fed. App'x 497 (4th Cir. 2008).

Cousins then filed a § 2255 motion raising five claims of ineffective assistance of counsel, related to the suppression motion and guilty plea. The court denied relief on the motion, finding that Cousins' claims of ineffective assistance did not render his guilty plea invalid and that his plea agreement waiver of his right to file a § 2255 motion barred review of his ineffective assistance claims on the merits[3]; the court also denied Cousins' first motion for reconsideration. See United States v. Cousins, Case No. 5:06CR00008, 2009 WL 4722681 (W.D. Va. Dec. 07, 2009), recons. denied, 2010 WL 723001 (W.D. Va. Mar. 2, 2010), appeal dismissed, 380 Fed. App'x 255 (4th Cir. June 2, 2010), cert. denied, 131 S. Ct. 1027 (Jan 18, 2011).

Cousins filed a second motion to reconsider denial of his § 2255 claims in March 2011 under Federal Rule of Civil Procedure 60(b), reasserting his argument that his claims of ineffective assistance before entry of the guilty plea invalidated his waiver of § 2255 rights. The

---

[3] See United States v. Morgan, 284 Fed. App'x 79, 87 (4th Cir. 2008) (applying United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) to uphold plea agreement waiver of § 2255 rights and affirming district court's dismissal of claim that counsel failed to inform defendant accurately about the consequences of his guilty plea as "inconsistent with statements he made under oath").

2

court denied the 60(b) motion and construed and dismissed the pleading as a successive § 2255 motion. Cousins' appeal of this judgment was unsuccessful.

## Discussion

When a defendant seeks Rule 60 relief from the court's judgment denying his § 2255 motion, he must demonstrate "some defect in the integrity of the . . . habeas proceedings" to justify revisiting the judgment, such as an erroneous finding of procedural default or a statute of limitations bar. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). The defendant may not use Rule 60 to evade the successive petition bar contained in 28 U.S.C. § 2255(h). Id. Therefore, a motion bringing new evidence or presenting a change in substantive law as a "reason justifying relief" under Rule 60(b) from dismissal of the § 2255 motion must be denied as such and construed and dismissed as a successive § 2255 motion. Id. at 531. Rule 60(b) also does not authorize a motion merely for reconsideration of a legal issue. "Where the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue").

Cousins' current motion under Rule 60(b) asserts that the court's enforcement of his plea agreement waiver of § 2255 rights equates with the type of procedural default or time bar rulings recognized in Gonzales as procedural grounds for dismissal that barred consideration of defendant's substantive constitutional claims "on the merits." 545 U.S. at 532. Cousins argues that the court should revisit its waiver analysis under Rule 60(b), find that this ruling was a "defect" in the § 2255 proceeding, and then address all of Cousins' ineffective assistance claims on the merits. The court cannot agree that its enforcement of Cousins' waiver of § 2255 rights may properly be reopened under Rule 60(b).

3

The court's findings regarding Cousins' waiver of § 2255 rights constituted a ruling on the merits, not application of a statutory bar. The <u>Gonzales</u> opinion briefly explicates this issue:

> The term "on the merits" has multiple usages. . . .We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. *He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.*

545 U.S. at 532 n.4 (omitting citation and emphasis added).

In his § 2255 motion, Cousins claimed that ineffective assistance of counsel before the plea agreement caused his guilty plea and plea agreement waiver of § 2255 rights to be unknowing and therefore invalid. The court addressed this overarching claim squarely on the merits. The court reviewed the guilty plea hearing transcript, trial counsel's undisputed affidavit, and Cousins' § 2255 claims that the plea was invalid. Because the court found the plea and waiver to be valid under <u>Lemaster</u>, 403 F.3d at 220, the court ruled that Cousins' remaining claims of ineffective assistance were waived and Cousins was not entitled to relief under § 2255. Cousins' waiver of § 2255 rights was a critical part of the plea bargaining process and a key component of the plea agreement he accepted after in-depth discussions with counsel. Thus, application of the waiver cannot equate to the sort of mechanically applied procedural default rule or statutory bar mentioned in <u>Gonzales</u> as challengeable in a Rule 60(b) motion. On the contrary, the court's application of the waiver was a ruling on the merits of one of Cousins'

§ 2255 claims, as was the court's determination that the waiver barred more in-depth review of his remaining § 2255 claims.[4]

The gist of Cousins' Rule 60(b) motion is that the court should change its mind on the legal and factual issues determined during the § 2255 proceeding. He asserts that instead of addressing his ineffective assistance claims as the Fourth Circuit did in Lemaster, as part of the waiver analysis, the court should have applied Strickland v. Washington, 466 U.S. 668 (1984) and related cases. Cousins also purports to offer new evidence and legal authority to be considered on this second round of § 2255 review, including a legal ethics opinion by the Virginia Attorney General holding that defense counsel violates certain state ethics rules by advising a client to accept a plea agreement that includes a waiver of § 2255 rights.[5] Cousins' demand for the court to reconsider factual and legal issues already determined on the merits, and then to consider additional evidence and claims, is exactly the type of Rule 60(b) motion

---

[4] See, e.g., United States v. Gasca, 328 Fed. App'x 598, 559-600 (10th Cir. 2009) (rejecting same argument under Gonzales). In Gasca, the Court held:

> It is clear from Mr. Gasca's [Rule 60(b) motion] that he is simply attacking the court's previous resolution of his claim on the merits—that he received ineffective assistance and that the plea and waiver were not knowing and intelligent. This is an attack on the merits, as it raises the issue of whether grounds exist entitling Mr. Gasca to habeas corpus relief from his underlying conviction.

328 Fed. App'x at 559-600 (citing Gonzalez, 545 U.S at 532 & n. 4).

[5] See Virginia State Bar Standing Committee on Legal Ethics, Legal Ethics Opinion 1857 (July 21, 2011) (stating, inter alia, that the LEO "is advisory only based upon the facts as presented, and [is] not binding on any court or tribunal").

5

recognized in Gonzales as improper. Therefore, the court denies Cousins' motion under Rule 60(b).[6]

Cousins' motion to withdraw his guilty plea is also without merit, for a different reason. Federal Rule of Criminal Procedure 11(d)(2)(B) permits the withdrawal of a plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." After the court imposes sentence, however, "the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Rule 11(e). As Cousins did not bring his current motion to withdraw his guilty plea before sentencing, the court denies it as untimely filed.

Given the nature of Cousins' claims in his current motions, as an attempt to reargue issues already raised in his previous § 2255 and to raise additional evidence and argument attacking his underlying convictions, the court construes the current submissions, jointly, as a § 2255 motion. Gonzalez, 545 U.S. at 531; Castro v. United States, 540 U.S. 375, 381-82 (2003).[7] This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Because Cousins offers no indication that he has obtained certification from the Court of Appeals to file a second or successive § 2255 motion,

---

[6] Cousins also makes reference to 28 U.S.C. § 1651, the All Writs Act, as potential authority for the relief he seeks. A writ under § 1651 is not available to a defendant to raise claims that were or could have been raised through other remedies, such as a motion to vacate sentence under § 2255. See, e.g., United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001).

[7] The Supreme Court recognized in Castro that "[f]ederal courts [may] ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . . to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." 540 U.S. at 381-82 (omitting citations).

6

the court dismisses Cousins' current motion without prejudice as successive. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 25th day of February, 2013.

/s/ Glen Conrad
Chief United States District Judge