CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 26 2016
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:06CR00008 |
| | ) | (Civil Action No. 5:15CV80858) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| EUGENE ROSS COUSINS, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Eugene Ross Cousins, a federal inmate proceeding pro se, has moved in a fourth successive motion, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, arguing that the court does not have jurisdiction to review a successive § 2255 motion and the petition is time-barred. Cousins has responded, making this matter ripe for consideration. Upon review of the record, the court concludes that it lacks jurisdiction to review the motion and that the government's motion to dismiss must be granted.

I.

On February 22, 2006, a grand jury returned a multi-count indictment, charging Cousins with distribution of methamphetamine (Count One); possession of a firearm in furtherance of a drug trafficking offense (Counts Two, Five and Eight); possession of a firearm while being a user of controlled substances (Counts Three, Six, and Nine); and possession with intent to distribute methamphetamine ("Counts Four and Seven").

Cousins signed a written plea agreement in which he agreed to plead guilty to Counts One through Six and the government agreed to move for dismissal of the remaining counts. Under the plea agreement, Cousins waived his right to appeal the judgment and sentence and his right to bring a § 2255 motion, but reserved the right to appeal the court's rulings on his pretrial

motions to suppress certain evidence as illegally seized. On August 8, 2007, the court sentenced Cousins to 406 months' imprisonment.[1] On appeal, the United States Court of Appeals for the Fourth Circuit upheld the denial of the suppression motion and dismissed Cousins' other suppression claims as waived by the plea agreement. United States v. Cousins, 291 F. App'x 497, 499 (4th Cir. 2008).

On July 2, 2009, Cousins filed his first § 2255 motion, raising five claims of ineffective assistance of counsel related to the suppression motion and guilty plea. The court denied relief on the motion, finding that Cousins' claims of ineffective assistance did not render his guilty plea invalid and that his plea agreement waiver of his right to file a § 2255 motion barred review of his ineffective assistance of counsel claims on the merits. Cousins filed a motion for reconsideration, which the court denied. (Order Denying Recon. at 4, ECF No. 167). On appeal, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. (Order at 2, ECF No. 174.) Cousins filed two additional motions for reconsideration, both of which were construed as successive § 2255 motions and denied because the court was without the authority to review them as Cousins failed to obtain certification from the Fourth Circuit. (Mots. Recons., ECF Nos. 201, 224.) Cousins appealed both orders to the Fourth Circuit without success, and the Fourth Circuit denied authorization to file a successive § 2255 motion. United States v. Cousins, 539 F. App'x 115, 116 (4th Cir. 2013); United States v. Cousins, 580 F. App'x 226 (4th Cir. 2014).

On October 14, 2014, the Department of Justice issued an internal memorandum providing guidance to federal prosecutors about how to litigate certain cases involving plea agreements where the defendant waived the right to bring § 2255 claims of ineffective assistance

---

[1] The court later reduced Cousins' sentence to 397 months' incarceration pursuant to Amendment 782, § 1B1.10, and § 3582(c)(2) of the United States Sentencing Guidelines.

of counsel. Memorandum from Deputy Att'y Gen. James M. Cole to Fed. Prosecutors, Dep't Policy on Waivers of Claims of Ineffective Assistance of Counsel (Oct. 14, 2014), available at https://www.justice.gov/file/70111/download. The memorandum provides:

> For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve.

Id. Following the issuance of this memorandum, Cousins filed with the Fourth Circuit a "motion under § 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255." (Order, ECF No. 240) The Fourth Circuit denied the motion.

Cousins then filed his current § 2255 motion arguing that counsel provided ineffective assistance by (1) advising Cousins to accept the § 2255 waiver in his plea agreement which created a conflict of interest; (2) failing to file a motion to suppress firearm evidence; (3) failing to challenge the constitutionality of his arrest; (4) failing to challenge the constitutionality of the first police search of the trunk of his car; and (5) failing to challenge the constitutionality of the second police search of the trunk of his car. Cousins also argues that the plea agreement was unconstitutional because it induced defense counsel to violate the rules of professional conduct and was tainted by fraud. On November 9, 2015, Cousins filed an amended § 2255 motion arguing an additional claim that "the government consider dismissing his second 924(c) charge, and granting him time served. . . ." (Amend. § 2255 motion 1, ECF No. 249.) The government responded, arguing that the court does not have jurisdiction to review the motion because it is successive and Cousins has not obtained a certificate of appealability from the Fourth Circuit.

3

(Resp. 4, ECF No. 253.) In addition, the government argues that the motion is time-barred. (Id. at 7.) For the following reasons, the court agrees with the government.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Cousins bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

### A. Successive Motion

Cousins has filed three previous § 2255 motions. In order for this court to have jurisdiction to hear a successive § 2255 motion, a defendant must receive a certificate of appealability from the Fourth Circuit.[2] 18 U.S.C. §§ 2255(h)(1) and (2). The Fourth Circuit denied a certificate of appealability in this case on April 8, 2015, approximately six months before Cousins filed his current § 2255 motion.

Cousins cannot show – as required by the statute – that he has newly discovered evidence of actual innocence or that the Supreme Court has established a new rule of constitutional law that is retroactive on collateral review. Accordingly, this court lacks jurisdiction to entertain the

---

[2] The applicable statute provides:

A second or successive motions must be certified as provided in section 2255 by a panel of the appropriate court of appeals to contain –

(1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1) and (2).

4

motion. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of a pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

**B. Timeliness of Motion**

Cousins argues, however, that his motion should not be construed as successive "because the facts relied on, and the issues raised herein, did not exist during his sentencing, or first § 2255 motion in 2009." (§ 2255 motion 1, ECF No. 247.) The Fourth Circuit has held that "it is settled law that not every numerically second petition is a 'second or successive' petition. . ." in the habeas corpus context. In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). The court has acknowledged that if a claim "did not arise until after a prior petition was filed," it "should not be barred as second or successive." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (internal quotations omitted). When a petitioner files a subsequent § 2255 motion arguing newly arisen claims, the one year statute of limitations begins when the "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).[3]

---

[3] The applicable statute of limitations provides:

A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

5

Cousins filed his § 2255 motion on October 13, 2015, within one year of the issuance of the Department of Justice memorandum, on October 14, 2014. The question of timeliness then, turns on whether the Department of Justice memorandum constituted a "new fact" that gave rise to Cousins' current claims. The answer is no.

In Hairston, the defendant filed an initial § 2255 motion, after which he obtained a vacatur of a state court conviction that had been used to help establish his guideline range. 754 F.3d at 259. The defendant filed a second § 2255 motion within a year of the vacatur and the Fourth Circuit concluded that this second motion was not successive under § 2255(h) because the vacated state court conviction constituted a new fact that did not exist at the time of his first § 2255 filing. Id. at 262. Courts have interpreted Hairston to apply exclusively to cases involving a vacated conviction. See, e.g., United States v. Bryant, No. 3:04-cr-0047, 2015 WL 2380073 at *3 (W.D. Va. May 19, 2015).

Moreover, the Fourth Circuit has explained that a "change in law" does not qualify as a new "fact" for § 2255 purposes. Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014). "Decisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." Id. In Cousins' case, there has not even been a change in the law. Instead, the Department of Justice issued an internal memorandum providing guidance to prosecutors on how to deal with plea agreements that include complete § 2255 waivers, including claims of ineffective assistance of counsel.

Cousins is correct that the memorandum could change the way that some prosecutors approach § 2255 claims involving plea agreements like the one he signed. As stated, the memorandum suggests that they should decline to enforce on collateral attack a complete waiver of ineffective assistance of counsel claims. But the memorandum does not indicate that it should

6

be applied retroactively. More importantly, although the memorandum provides guidance to prosecutors, it gives the court no authority to ignore the statute of limitations requirements in § 2255(f). The memorandum is not a new fact related to Cousins' conviction or sentence. Rather, it is a policy change within the Department of Justice. As such, it cannot act to restart the one-year statute of limitations period under § 2255(f)(4). Cousins' motion must be dismissed as both successive and untimely filed.

## III.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

**ENTER:** This 26th day of June, 2016.

_____
Chief United States District Judge

7

Case 5:06-cr-00008-GEC-RSB   Document 262   Filed 07/26/16   Page 7 of 7   Pageid#: 1972